IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIMBERLY WALKER,** | § | |
| **PLAINTIFF** | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **HARRIS COUNTY DEPARTMENT** | § | |
| **OF EDUCATION,** | § | |
| **DEFENDANT** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff KIMBERLY WALKER ("Kim") to hereby file her "Plaintiff's Original Complaint" ("Complaint") and in support Kim would show this Honorable Court the following.

### PREAMBLE

*EXPERIENCED AND WONDERFUL TEACHER
THROW AWAY LIKE TRASH*

*Plaintiff was a teacher with Defendant Harris County Department of Education. Notwithstanding Plaintiff's stellar reputation and years of experience with Defendant, Defendant pursued a deliberate path of harassment because of Kim's gender and ethnicity, as well as retaliation of Plaintiff, that resulted in Plaintiff being forced to exit her workplace for Plaintiff's own safety. Following a well-planned and implemented path to force Plaintiff to resign, Defendant Harris County Department of Education merely threw Plaintiff into the garbage. Left with no recourse, Plaintiff seeks redress of this Court for equitable relief and damages.*

## A. NATURE OF SUIT

1. Plaintiff Kim has been the victim of systematic and ongoing discrimination in Kim's workplace based on Kim's ethnicity and gender, as well as in retaliation for or in an effort to suppress Kim's exercise of Kim's rights under the First Amendment of the United States Constitution. These acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves. Plaintiff Kim attempted many times to have Defendant HCDE (hereafter defined) stop the discrimination, but Defendant failed and refused to do so. After exhausting her administrative remedies and having seen that any further attempt to seek administrative redress would be pointless because of the Defendant HCDE's clear bias against Plaintiff Kim, Kim exercised her right to file a complaint with the United States Equal Employment Opportunity Commission (the "EEOC") and now seeks judicial redress.

2. Plaintiff Jane now files this original action for damages and equitable relief pursuant to:

(a) 42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991;

(b) 42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343; and

(c)     42 U.S.C. § 1983 with regards to:

      (i)     Defendant's violations of the laws of the United States;

     (ii)     Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

    (iii)     Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution.

## B. PARTIES

3.     Plaintiff Kim is a female individual who resides in the State of Texas. She has dedicated her life to the education of children, and to assisting families who need education.

4.     Defendant Harris County Department of Education ("HCDE") is a public school district formed under the laws of the State of Texas and operates under the authority of the State of Texas and the United States Department of Education. Defendant HCDE may be served with process herein by personal delivery to Defendant's HCDE's Superintendent of Schools as follows:

        **HARRIS COUNTY DEPARTMENT OF EDUCATION**
        **ATTN: JAMES COLBERT JR.-Superintendent**
        **6300 Irvington Boulevard**
        **Houston, Texas 77002**

## C. **JURISDICTION and VENUE**

5. The original jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

    (a)    42 U.S.C. §§2000d-2000d-7 *et seq* being Title VI of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VI");

    (b)    42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, as well as 28 U.S.C. §1343 ("Title VII"); and

    (c)    42 U.S.C. § 1983 ("Section 1983") with regards to:

        (j)    Defendant's violations of the laws of the United States;

        (ii)    Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

        (iii)    Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution

6. Venue is proper in the Southern District of Texas (Houston Division) because Defendant HCDC operates its schools in, and from, Houston and Harris County, Texas, which is also where the underlying events occurred. Houston and Harris County are within the Southern District of Texas.

## D. FACTUAL BACKGROUND

7. Kim is a female of American-American heritage.

8. Kim has been an education employee in the State of Texas for many years. For many of those years she has been an employee of HCDE.

9. Kim performed the above described work for HCDE under a written agreement with it (the "Contract").

10. HCDE receives grants and other funds from the United States government.

11. Because of Plaintiff's Kim's gender, ethnicity, and the exercise of Kim's rights to seek formal complaints and redress, HCDE personnel repeatedly and systematically mistreated Kim at work.

12. Plaintiff Kim made Defendant HCDE fully aware of such mistreatment occurring at the hands of coworkers or superiors, as well as improper and illegal actions being taken by HCDE. However, HCDE personnel took no steps to stop the misconduct, to correct the offenders, or to prevent similar acts of misconduct in the future. Indeed, in most cases HCDE's reaction was to retaliate against Kim for having brought the misconduct to people's attention.

13. Kim filed a complaint with the United States Department of Justice, Civil Rights Division, Equal Employment Opportunity Commission. The EEOC

subsequently issued its letter granting Kim the right to pursue her claims I n this court.

14. HCDE's misconduct caused Kim to suffer economic harm, including without limitation lost pay, and medical expenses.

15. HCDE committed the misconduct described in this Complaint intentionally, with actual malice, reckless disregard, and intentional indifference toward Kim.

16. Texas law deems Kim's Contract to create a property interest that she holds.

17. HCDE targeted its behavior against Kim and implemented it under color of law. The HCDE personnel who committed the misconduct complained of did so as agents and representatives of HCDE and were implementing HCDE's policies, practices, and procedures when they acted against Kim.

18. If HCDE's policies, practices, and procedures were not in written form, HCDE and its agents implemented them in accord with the customs and practices of HCDE's policy makers.

19. The HCDE personnel who acted against Kim did so while performing their assigned HCDE duties, as prescribed by HCDE's superintendent and/or its board of trustees.

20. Further, HCDE's Board of Trustees ("Board") was aware of the ongoing course of discrimination and mistreatment of Kim, yet it did nothing, even though the board is HCDE's ultimate policy maker. The Board, therefore, ratified and condoned HCDE's agents' misconduct against Kim.

21. HCDE's misconduct towards Plaintiff Kim represent actions of complete and deliberate indifference to Kim, and, made it necessary for Kim to retain legal counsel and to file this lawsuit to seek redress for the wrongs done to her by HCDE.

22. Plaintiff Kim has met all conditions precedent to bring these claims before this Honorable Court.

### E.  CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VI

23. HCDE is an entity receiving grants and funds from the United States government. Therefore, the provisions of Title VI also govern HCDE.

24. The Title VI violations HCDE committed against Kim, *supra*, are also violations of Title VII because Title VII governs HCDE.

25. Without limitation and in addition to the foregoing, HCDE denied Kim her right to freedom of expression, to assemble peaceably, and to petition for a redress of grievances, in violation of the First Amendment to the United States Constitution.

26. Without limitation and in addition to the foregoing, HCDE denied Kim her right to procedural and substantive due process, and equal protection under the law, in violation of the Fourteenth Amendment to the United States Constitution.

27. HCDE's denial of Kim's statutory and Constitutional rights violate Title VI.

28. Kim has suffered actual and compensatory damages as a direct and proximate result of HCDE's violations of Title VI.

### COUNT TWO: VIOLATION OF TITLE VII

29. HCDE committed certain of its misconduct toward Kim, *supra*, because she is African-American.

30. HCDE's acts and omissions in respect of Kim's ethnicity violate Title VII.

31. HCDE also committed certain of its misconduct toward Kim, *supra*, because Kim is a female.

32. HCDE's acts and omissions in respect of Kim's gender violate Title VII. Such actions also created a hostile workplace environment.

33. HCDE also committed certain of its misconduct toward Kim, *supra*, in retaliation for her filing grievances and complaints against HCDE both internally and with authorities the United States government. To the extent HCDE based its

actions upon Kim's ethnicity or gender, those acts were also in retaliation for her ethnicity or gender.

34. HCDE's retaliatory acts contributed to and aggravated the hostile workplace environment at Kim's place of employment.

35. Kim has suffered actual and consequential damages as a direct and proximate result of HCDE's violations of Title VII.

### **COUNT FOUR: VIOLATION OF SECTION 1983**

36. 42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, a citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action and law, suit in equity, or other proper procedure for redress….

37. HCDE's acts and omissions in violation of Title VI and Title VII also violate Section 1983 because HCDE committed those acts and omissions under color of law, through designated persons of authority implementing their HCDE-assigned duties and responsibilities, including the Board.

38. The First Amendment to the United States Constitution grants Kim the right to express her issues with HCDE both orally and in writing. It grants her the right to assemble peaceably and to petition HCDE for redress, which she did.

39.    The Fourteenth Amendment to the United States Constitution grants Kim the right to procedural and substantive due process and to equal protection under the law.

40.    Kim suffered actual and consequential damages as a direct and proximate result of HCDE's violations of Section 1983.

### COUNT FIVE: EXEMPLARY AND/OR LIQUIDATED DAMAGES

41.    Various of the statutes that HCDE's misconduct violated permit the recovery of exemplary and/or liquidated damages. HCDE's misconduct entitles Kim to recover exemplary and/or liquidated damages from HCDE in an amount sufficient to punish HCDE for its misconduct and to deter similar misconduct in the future.

### COUNT SIX: ATTORNEY'S FEES

42.    Various of the statutes that HCDE's misconduct violated permit the recovery of reasonable and necessary attorney's fees. HCDE's misconduct entitles Kim to recover from HCDE her reasonable and necessary attorney's fees.

### COUNT SEVEN: INTEREST AND COSTS OF COURT

43.    Various of the statutes that HCDE's misconduct violated permit the recovery of prejudgment interest.

44.    Kim is entitled to recover from HCDE both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

45.    Kim is entitled to recover from HCDE her costs of court.

## F. <u>JURY TRIAL</u>

46.     Plaintiff Kim hereby requests a trial by jury in this lawsuit.

Wherefore, premises considered, Plaintiff Kimberley Walker respectfully prays that upon final trial of this matter she recover a judgment against Defendant HCDE for:

- Plaintiff's actual and consequential damages;
- Exemplary damages in the manner requested above;
- Plaintiff's reasonable and necessary attorney's fees;
- Prejudgment and post judgment interest, as applicable;
- Plaintiff's costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiff may be justly entitled.

Respectfully submitted,

Gorman Law Firm, pllc

*/s/ Terry P. Gorman*

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 512.980.4556 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF
KIMBERLY WALKER**
